VIRGINIA:   IN THE CIRCUIT COURT FOR THE COUNTY OF FAUQUIER

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| STEVEN JOHN ROWLAND, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| JEGATHEESWARAN BALASUPRAMANIYAM | * |
| 31 Crystal Hill Drive | * |
| Brampton, ON L6P 2S8, Canada | * |
| | * |
| and | *    Case No.: _CL 20 -455_ |
| | * |
| TPINE LEASING CAPITAL CORPORATION | * |
| 6050 Dixie Road | * |
| Mississauga, ON L5T 1A6, Canada | * |
| | * |
| and | * |
| | * |
| SKYLINE TRANSPORT, INC. | * |
| 10335 Hwy 50 #3 | * |
| Kleinburg, ON L0J | * |
| | * |
| Defendants. | * |
| | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

COMES NOW, Plaintiff, Steven John Rowland, and moves for Judgment against the Defendants, Jegatheeswaran Balasupramaniyam, TPine Leasing Capital Corporation, and Skyline Transport, Inc., jointly and severally, on the grounds and in the amount as hereinafter set forth:

1.     On the 9th day of November 2018, Plaintiff Steven John Rowland, was operating a 1989 Oldsmobile Cutlass motor vehicle in a northerly direction on James Madison Highway approximately 200 feet south of its intersection with Lovers Lane in Fauquier County, Virginia.



DEFENDANT'S
EXHIBIT
1

2.     At the time and place aforesaid, Defendant Jegatheeswaran Balasupramaniyam was operating a 2016 Freightliner Cascadia tractor-trailer vehicle in a northerly direction on James Madison Highway approximately 200 feet south of its intersection with Lovers Lane in Fauquier County, Virginia.  Plaintiff was operating his vehicle in the right travel lane of James Madison Highway and Defendant Balasupramaniyam was operating his vehicle in the left travel lane of James Madison Highway.  Defendant Balasupramaniyam, while attempting to pass the Plaintiff's vehicle, failed to remain his lane of travel and negligently crossed into the right lane, striking the Plaintiff's vehicle.  As a result, Plaintiff's vehicle was spun around approximately 180 degrees, forced into the concrete median, before then being struck again head-on by Defendant Balasupramaniyam's vehicle.

3.     At the time and place aforesaid, it was the duty of Defendant Balasupramaniyam to operate his vehicle with reasonable care, with due regard for vehicles traveling in the right travel lane on James Madison Highway and in obedience to all traffic signals and regulations.

4.     Notwithstanding said duty, Defendant Balasupramaniyam did then and there so carelessly, recklessly and negligently operate his vehicle that he failed to maintain proper control of his vehicle and failed to remain in his lane of travel and consequently caused a violent collision with the Plaintiff's vehicle.

5.     Defendant Balasupramaniyam was negligent in that he:

A.     During the course of driving, leading up to this accident, violated Virginia traffic control statutes and regulations;

B.     Failed to keep a proper lookout for traffic traveling in the right travel lane of James Madison Highway;

C.     Failed to maintain his vehicle in his lane of travel;

        D.      Negligently crossed the line separating the left and right northbound travel lanes of James Madison Highway;

        E.      Failed to keep a proper lookout for vehicles traveling in the right travel lane of northbound James Madison Highway;

        F.      Failed to property execute a safe lane change;

        G.      Operated his vehicle in a reckless and careless manner;

        H.      Failed to maintain proper control over his vehicle;

        I.      Operated his vehicle in an inattentive manner;

        J.      Operated his vehicle at an excessive rate of speed for the conditions then and there prevailing; and

        K.      Failed to observe the vehicle operated by Plaintiff prior to the collision;

        L.      Failed to operate the aforesaid motor vehicle in a careful and prudent manner.

6.      As a direct and proximate result of the negligence of Defendant Balasupramaniyam, Plaintiff Steven John Rowland, was caused to sustain serious permanent physical and psychological injuries, has been stopped from transacting his business, has suffered, and will continue to suffer great pain of body and mind along with great mental anguish, has sustained deformity, and loss of future earning capacity, has incurred and will incur in the future hospital, doctors and related bills in an effort to be cured of his physical, psychological and emotional injuries.

7.      At the time and place aforesaid, Jegatheeswaran Balasupramaniyam, as an employee of Defendant TPine Leasing Capital Corporation, hereinafter Defendant TPine, and acting within the scope of his employment, was operating the 2016 Freightliner Cascadia tractor-

trailer vehicle, owned by Defendant TPine and with the express permission of TPine Leasing Capital Corporation.

8.      Jegatheeswaran Balasupramaniyam, while undertaking the employment duties of Defendant TPine, failed to remain in his lane of travel and negligently crossed into the right lane, striking the Plaintiff's vehicle. As a result, Plaintiff's vehicle was spun around approximately 180 degrees, forced into the concrete median, before then being struck head-on by Jegatheeswaran Balasupramaniyam's vehicle.

9.      Defendant TPine under the doctrine of *Respondeat Superior*, was responsible for the wrongful acts of its employee driver Jegatheeswaran Balasupramaniyam and was subject to the same duties of care imposed upon its employee driver, Jegatheeswaran Balasupramaniyam. In conformance to this doctrine, the duties violated by Defendant TPine, are specifically described below.

10.     At the time and place aforesaid, and under the responsibilities imposed under the doctrine of *Respondeat Superior,* Defendant TPine is responsible for the duties and violations thereof of its employee driver to assure that Jegatheeswaran Balasupramaniyam operated his vehicle with reasonable care, with due regard for vehicles traveling in the right travel lane of James Madison Highway, and in obedience to all traffic signals and regulations.

11.     Notwithstanding said duties and responsibilities, Defendant TPine, through the actions of its employee Jegatheeswaran Balasupramaniyam, did then and there so carelessly, recklessly and negligently operate the vehicle that he failed to maintain proper control of his vehicle and failed to remain in his lane of travel and consequently caused a violent collision with the Plaintiff's vehicle.

12.     Defendant TPine, through the actions of its employee Jegatheeswaran Balasupramaniyam, was negligent and responsible in the following respects:

    A.     During the course of driving, leading up to this accident, violated Virginia traffic control statutes and regulations;

    B.     Failed to keep a proper lookout for traffic traveling in the right travel lane of James Madison Highway;

    C.     Failed to maintain his vehicle in his lane of travel;

    D.     Negligently crossed the line separating the left and right northbound travel lanes of James Madison Highway;

    E.     Failed to keep a proper lookout for vehicles traveling in the right travel lane of northbound James Madison Highway;

    F.     Failed to properly execute a safe lane change;

    G.     Operated his vehicle in a reckless and careless manner;

    H.     Failed to maintain proper control over his vehicle;

    I.     Operated his vehicle in an inattentive manner;

    J.     Operated his vehicle at an excessive rate of speed for the conditions then and there prevailing; and

    K.     Failed to observe the vehicle operated by Plaintiff prior to the collision;

    L.     Failed to operate the aforesaid motor vehicle in a careful and prudent manner.

13.     Furthermore, Defendant TPine was subject to the independent duty to assure that its employee Jegatheeswaran Balasupramaniyam was properly trained, physically fit, and

sufficiently mentally qualified in order to safely drive and/or otherwise operate a motor vehicle. Defendant TPine violated this duty in the following respects:

      A.    Defendant TPine negligently employed Jegatheeswaran Balasupramaniyam notwithstanding his inability to properly operate its motor vehicle;

      B.    Defendant TPine negligently employed Jegatheeswaran Balasupramaniyam notwithstanding his mental inability to properly operate its motor vehicle;

      C.    Defendant TPine did not properly train and monitor Jegatheeswaran Balasupramaniyam in order to assure adequate driving skills.

      D.    Defendant TPine did not adequately investigate Jegatheeswaran Balasupramaniyam's background to ensure he was fit to operate its motor vehicle.

14.    As a direct and proximate result of the negligence of Defendant, TPine, both individually and through the actions of its employee Jegatheeswaran Balasupramaniyam, Plaintiff was caused to sustain serious permanent physical and psychological injuries, has suffered, and will continue to suffer great pain of body and mind along with great mental anguish, has sustained deformity, and loss of future earning capacity, has incurred and will incur in the future hospital, doctors and related bills in an effort to be cured of his physical, psychological and emotional injuries.

15.    At the time and place aforesaid, Jegatheeswaran Balasupramaniyam, as an employee of Defendant Skyline Transport, Inc., hereinafter Defendant Skyline, and acting within the scope of his employment, was operating the 2016 Freightliner Cascadia tractor-trailer vehicle, leased by Defendant Skyline and with the express permission of Skyline Transport, Inc.

16.     Jegatheeswaran Balasupramaniyam, while undertaking the employment duties of Defendant Skyline, failed to remain in his lane of travel and negligently crossed into the right lane, striking the Plaintiff's vehicle.  As a result, Plaintiff's vehicle was spun around approximately 180 degrees, forced into the concrete median, before then being struck again head-on by Jegatheeswaran Balasupramaniyam's vehicle.

17.     Defendant Skyline under the doctrine of *Respondeat Superior*, was responsible for the wrongful acts of its employee driver Jegatheeswaran Balasupramaniyam and was subject to the same duties of care imposed upon its employee driver, Jegatheeswaran Balasupramaniyam.  In conformance to this doctrine, the duties violated by Defendant Skyline, are specifically described below.

18.     At the time and place aforesaid, and under the responsibilities imposed under the doctrine of *Respondeat Superior,* Defendant Skyline is responsible for the duties and violations thereof of its employee driver to assure that Jegatheeswaran Balasupramaniyam operated his vehicle with reasonable care, with due regard for vehicles traveling in the right travel lane of James Madison Highway, and in obedience to all traffic signals and regulations.

19.     Notwithstanding said duties and responsibilities, Defendant Skyline, through the actions of its employee Jegatheeswaran Balasupramaniyam, did then and there so carelessly, recklessly and negligently operate the vehicle that he failed to maintain proper control of his vehicle and failed to remain in his lane of travel and consequently caused a violent collision with the Plaintiff's vehicle.

20.     Defendant Skyline, through the actions of its employee Jegatheeswaran Balasupramaniyam, was negligent and responsible in the following respects:

A.    During the course of driving, leading up to this accident, violated Virginia traffic control statutes and regulations;

B.    Failed to keep a proper lookout for traffic traveling in the right travel lane of James Madison Highway;

C.    Failed to maintain his vehicle in his lane of travel;

D.    Negligently crossed the line separating the left and right northbound travel lanes of James Madison Highway;

E.    Failed to keep a proper lookout for vehicles traveling in the right travel lane of northbound James Madison Highway;

F.    Failed to properly execute a safe lane change;

G.    Operated his vehicle in a reckless and careless manner;

H.    Failed to maintain proper control over his vehicle;

I.    Operated his vehicle in an inattentive manner;

J.    Operated his vehicle at an excessive rate of speed for the conditions then and there prevailing; and

K.    Failed to observe the vehicle operated by Plaintiff prior to the collision;

L.    Failed to operate the aforesaid motor vehicle in a careful and prudent manner.

21.    Furthermore, Defendant Skyline was subject to the independent duty to assure that its employee Jegatheeswaran Balasupramaniyam was properly trained, physically fit, and sufficiently mentally qualified in order to safely drive and/or otherwise operate a motor vehicle. Defendant Skyline violated this duty in the following respects:

A.      Defendant Skyline negligently employed Jegatheeswaran Balasupramaniyam notwithstanding his inability to properly operate its motor vehicle;

B.      Defendant Skyline negligently employed Jegatheeswaran Balasupramaniyam notwithstanding his mental inability to properly operate its motor vehicle;

C.      Defendant Skyline did not properly train and monitor Jegatheeswaran Balasupramaniyam in order to assure adequate driving skills.

D.      Defendant Skyline did not adequately investigate Jegatheeswaran Balasupramaniyam's background to ensure he was fit to operate its motor vehicle.

22.      As a direct and proximate result of the negligence of Defendant, Skyline, both individually and through the actions of its employee Jegatheeswaran Balasupramaniyam, Plaintiff was caused to sustain serious permanent physical and psychological injuries, has suffered, and will continue to suffer great pain of body and mind along with great mental anguish, has sustained deformity, and loss of future earning capacity, has incurred and will incur in the future hospital, doctors and related bills in an effort to be cured of his physical, psychological and emotional injuries.

WHEREFORE, Plaintiff demands judgment against Defendants, Jegatheeswaran Balasupramaniyam, TPine Leasing Capital Corporation, and Skyline Transport, Inc., jointly and severally, in the sum of TWO HUNDRED THOUSAND DOLLARS ($200,000.00) with interest from November 9, 2018, at the statutory rate until paid and his costs in this behalf expended.

TRIAL BY JURY IS DEMANDED.

STEVEN JOHN ROWLAND,

By _____
                    Counsel

Randall J. Trost, P.C.
Randall T. Trost, Esq.
Virginia State Bar No.: 45942
Dustin T. Rosser, Esq.
Virginia State Bar No.: 77264
801 Main Street, 10th Floor
Lynchburg, Virginia 24504
Telephone: (434) 528-4222
Facsimile: (434) 847-0814

# REQUEST
# FOR SERVICE ABROAD OF JUDICIAL OR EXTRAJUDICIAL DOCUMENTS
DEMANDE AUX FINS DE SIGNIFICATION OU DE NOTIFICATION À L'ÉTRANGER D'UN ACTE JUDICIAIRE OU EXTRAJUDICIAIRE

**Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, signed at The Hague, the 15th of November 1965.**
Convention relative à la signification et à la notification à l'étranger des actes judiciaires ou extrajudiciaires en matière civile ou commerciale, signée à La Haye le 15 novembre 1965.

| **Identity and address of the applicant** | **Address of receiving authority** |
|---|---|
| Identité et adresse du requérant | Adresse de l'autorité destinataire |
| RANDALL T. TROST, ESQ. | Ministry of the Attorney |
| C/o Judicial Process & Support, Inc. | General |
| 19 West Flagler Street, #610 | Ontario Court of Justice 393 |
| Miami, FL 33130 | Main Street Haileybury, |
| Authorized applicant pursuant to public law | Ontario P0J 1K0 |
| 97-351 of Feb. 26, 1983 which amended rule | Canada |
| 4(c) 2(a) Federal Rules of Civil Procedure | |
| Case Number: 061CL20000455-00 | |

**The undersigned applicant has the honour to transmit – in duplicate – the documents listed below and, in conformity with Article 5 of the above-mentioned Convention, requests prompt service of one copy thereof on the addressee, i.e.:**
Le requérant soussigné a l'honneur de faire parvenir – en double exemplaire – à l'autorité destinataire les documents ci-dessous énumérés, en la priant, conformément à l'article 5 de la Convention précitée, d'en faire remettre sans retard un exemplaire au destinataire, à savoir :

**(identity and address)**
(identité et adresse)
TPINE LEASING CAPITAL CORPORATION
6050 DIXIE ROAD
MISSISSAUGA, ON L5T 1A6, CANADA

| ☒ | a) | **in accordance with the provisions of sub-paragraph a) of the first paragraph of Article 5 of the Convention\*** |
|---|---|---|
| | | selon les formes légales (article 5, alinéa premier, lettre a))\* |
| ☐ | b) | **in accordance with the following particular method (sub-paragraph b) of the first paragraph of Article 5)\*:** |
| | | selon la forme particulière suivante (article 5, alinéa premier, lettre b)\* : |
| ☐ | c) | **by delivery to the addressee, if he accepts it voluntarily (second paragraph of Article 5)\*** |
| | | le cas échéant, par remise simple (article 5, alinéa 2)\* |

**The authority is requested to return or to have returned to the applicant a copy of the documents - and of the annexes\* - with the attached certificate.**
Cette autorité est priée de renvoyer ou de faire renvoyer au requérant un exemplaire de l'acte - et de ses annexes\* - avec l'attestation ci-jointe.

*List of documents / Énumération des pièces*

- EXECUTED "REQUEST" IN DUPLICATE
- SUMMONS AND COMPLAINT.
- ALL DOCUMENTS IN DUPLICATE

\* if appropriate / s'il y a lieu

| **Done at** / Fait à LYNCHBURG, VA, USA, | **Signature and/or stamp** |
|---|---|
| **The** / le | Signature et / ou cachet |

Randall T. Trost, ESQ.

# CERTIFICATE
## ATTESTATION

**The undersigned authority has the honour to certify, in conformity with Article 6 of the Convention,**
L'autorité soussignée a l'honneur d'attester conformément à l'article 6 de ladite Convention,

☐ **1. that the document has been served***
que la demande a été exécutée*

| | | |
|---|---|---|
| — | **the (date)** / le (date): | |
| — | **at (place, street, number):** à (localité, rue, numéro) : | |

| | |
|---|---|
| — **in one of the following methods authorised by Article 5:** dans une des formes suivantes prévues à l'article 5 : | |
| ☐ *a)* **in accordance with the provisions of sub-paragraph *a)* of the first paragraph of Article 5 of the Convention*** selon les formes légales (article 5, alinéa premier, lettre a))* | |
| ☐ *b)* **in accordance with the following particular method*:** selon la forme particulière suivante* : | |
| ☐ *c)* ~~by delivery to the addressee, if he accepts it voluntarily*~~ ~~par remise simple*~~ | |

**The documents referred to in the request have been delivered to:**
Les documents mentionnés dans la demande ont été remis à :

| | |
|---|---|
| **Identity and description of person:** Identité et qualité de la personne : | |
| **Relationship to the addressee (family, business or other):** Liens de parenté, de subordination ou autres, avec le destinataire de l'acte : | |

☐ **2. that the document has not been served, by reason of the following facts*:**
que la demande n'a pas été exécutée, en raison des faits suivants* :

| |
|---|
| |

☐ **In conformity with the second paragraph of Article 12 of the Convention, the applicant is requested to pay or reimburse the expenses detailed in the attached statement*.**
Conformément à l'article 12, alinéa 2, de ladite Convention, le requérant est prié de payer ou de rembourser les frais dont le détail figure au mémoire ci-joint*.

***Annexes** / Annexes*

| | |
|---|---|
| **Documents returned:** Pièces renvoyées : | |
| **In appropriate cases, documents establishing the service:** Le cas échéant, les documents justificatifs de l'exécution : | |

* if appropriate / s'il y a lieu

| | |
|---|---|
| **Done at** / Fait à  **The** / le | **Signature and/or stamp** Signature et / ou cachet |

# WARNING
## AVERTISSEMENT

**Identity and address of the addressee**
Identité et adresse du destinataire
TPINE LEASING CAPITAL CORPORATION
6050 DIXIE ROAD
MISSISSAUGA, ON L5T 1A6, CANADA

### IMPORTANT

**THE ENCLOSED DOCUMENT IS OF A LEGAL NATURE AND MAY AFFECT YOUR RIGHTS AND OBLIGATIONS. THE 'SUMMARY OF THE DOCUMENT TO BE SERVED' WILL GIVE YOU SOME INFORMATION ABOUT ITS NATURE AND PURPOSE. YOU SHOULD HOWEVER READ THE DOCUMENT ITSELF CAREFULLY. IT MAY BE NECESSARY TO SEEK LEGAL ADVICE.**

**IF YOUR FINANCIAL RESOURCES ARE INSUFFICIENT YOU SHOULD SEEK INFORMATION ON THE POSSIBILITY OF OBTAINING LEGAL AID OR ADVICE EITHER IN THE COUNTRY WHERE YOU LIVE OR IN THE COUNTRY WHERE THE DOCUMENT WAS ISSUED.**

**ENQUIRIES ABOUT THE AVAILABILITY OF LEGAL AID OR ADVICE IN THE COUNTRY WHERE THE DOCUMENT WAS ISSUED MAY BE DIRECTED TO:**

### TRÈS IMPORTANT

LE DOCUMENT CI-JOINT EST DE NATURE JURIDIQUE ET PEUT AFFECTER VOS DROITS ET OBLIGATIONS. LES « ÉLÉMENTS ESSENTIELS DE L'ACTE » VOUS DONNENT QUELQUES INFORMATIONS SUR SA NATURE ET SON OBJET. IL EST TOUTEFOIS INDISPENSABLE DE LIRE ATTENTIVEMENT LE TEXTE MÊME DU DOCUMENT. IL PEUT ÊTRE NÉCESSAIRE DE DEMANDER UN AVIS JURIDIQUE.

SI VOS RESSOURCES SONT INSUFFISANTES, RENSEIGNEZ-VOUS SUR LA POSSIBILITÉ D'OBTENIR L'ASSISTANCE JUDICIAIRE ET LA CONSULTATION JURIDIQUE, SOIT DANS VOTRE PAYS, SOIT DANS LE PAYS D'ORIGINE DU DOCUMENT.

LES DEMANDES DE RENSEIGNEMENTS SUR LES POSSIBILITÉS D'OBTENIR L'ASSISTANCE JUDICIAIRE OU LA CONSULTATION JURIDIQUE DANS LE PAYS D'ORIGINE DU DOCUMENT PEUVENT ÊTRE ADRESSÉES À :

**It is recommended that the standard terms in the notice be written in English and French and where appropriate also in the official language, or in one of the official languages of the State in which the document originated. The blanks could be completed either in the language of the State to which the document is to be sent, or in English or French.**

Il est recommandé que les mentions imprimées dans cette note soient rédigées en langue française et en langue anglaise et le cas échéant, en outre, dans la langue ou l'une des langues officielles de l'État d'origine de l'acte. Les blancs pourraient être remplis, soit dans la langue de l'État où le document doit être adressé, soit en langue française, soit en langue anglaise.

# SUMMARY OF THE DOCUMENT TO BE SERVED
## ÉLÉMENTS ESSENTIELS DE L'ACTE

**Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, signed at The Hague, the 15th of November 1965 (Article 5, fourth paragraph).**

Convention relative à la signification et à la notification à l'étranger des actes judiciaires ou extrajudiciaires en matière civile ou commerciale, signée à La Haye le 15 novembre 1965 (article 5, alinéa 4).

| | |
|---|---|
| **Name and address of the requesting authority:** Nom et adresse de l'autorité requérante : | RANDALL T. TROST, ESQ. c/o Judicial Process and Support, Inc. 19 W. Flagler St., #610, Miami, Fl. 33130 |
| **Particulars of the parties\*:** Identité des parties\* : | STEVEN JOHN ROWLAND. vs. JEGATHEESWARAN BALASUPRAMANIYAM, ET AL. CASE NO. 061CL20000455-00 |

\* If appropriate, identity and address of the person interested in the transmission of the document
S'il y a lieu, identité et adresse de la personne intéressée à la transmission de l'acte

☐ **JUDICIAL DOCUMENT\*\***
ACTE JUDICIAIRE\*\*

| | |
|---|---|
| **Nature and purpose of the document:** Nature et objet de l'acte : | TO GIVE NOTICE THAT THE PLAINTIFF HAS FILED A COMPLAINT AGAINST THE DEFENDANT |
| **Nature and purpose of the proceedings and, when appropriate, the amount in dispute:** Nature et objet de l'instance, le cas échéant, le montant du litige : | THIS CASE RELATES TO A MOTOR VEHICLE ACCIDENT. |
| **Date and Place for entering appearance\*\*:** Date et lieu de la comparution\*\* : | FILE ANSWER WITH: FAUQUIER CIRCUIT COURT, CIVIL DIVISION, CLERK OF COURT 40 CULPEPER ST CLERK'S OFFICE, 29 ASHBY ST WARRENTON, VA 20186 A COPY OF THE ANSWER MUST BE MAILED TO: RANDALL T. TROST, ESQ. 801 MAIN STREET, 10TH FLOOR LYNCHBURG, VA 24504 |
| **Court which has given judgment\*\*:** Juridiction qui a rendu la décision\*\* : | N/A |
| **Date of judgment\*\*:** Date de la décision\*\* : | N/A |
| **Time limits stated in the document\*\*:** Indication des délais figurant dans l'acte\*\* : | ANSWER OR RESPONSE IS DUE 21 DAYS AFTER SERVICE UPON YOU. |

\*\* if appropriate / s'il y a lieu

☐ **EXTRAJUDICIAL DOCUMENT\*\***
ACTE EXTRAJUDICIAIRE\*\*

| **Nature and purpose of the document:**<br>Nature et objet de l'acte : | N/A |
|---|---|
| **Time-limits stated in the document\*\*:**<br>Indication des délais figurant dans l'acte\*\* : | N/A |

\*\* if appropriate / s'il y a lieu